UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS H. MITCHELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 8-341-B-W |
| | ) |
| RANDALL LIBERTY, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON DEFENDANT BRIGGS'S MOTION TO DISMISS**
**(Doc. No. 12)**

Thomas Mitchell filed a civil complaint in the state court against Randall Liberty, Lt. Marsha Alexander, Sergeant Roberts, and Laura Briggs regarding facility conditions challenging the adequacy of the law library, the sufficiency of the provision of inmate legal assistance, the medical department's policy for medical and dental care of long-term, pre-trial detainees, inmate access to the grievance policy, and price gouging by the canteen services at the Kennebec County Correctional Facility. The action was removed to this court. Pending are two motions to dismiss. This recommended decision addresses a motion to dismiss by Defendant Briggs (Doc. No. 12), an employee of the private contractor who operates the jail's commissary.[1] I recommend that the Court grant Briggs's motion for the following reasons.

---

[1] Mitchell had filed his own motion to dismiss his action without prejudice (Doc. No. 10), representing that his attention to his underlying criminal case was making it hard for him to address this civil rights litigation. I entered an order on November 18, 2008, reserving ruling on that motion. (Doc. No. 15). At that juncture I noted that these two motions to dismiss were pending, motions that addressed the merits of this entire action. On December 5, 2008, Mitchell withdrew his motion to dismiss indicating: "In light of some recent events that have taken place at the Kennebec County Jail, the plaintiff will p[u]rsue this case from this point on with due diligence, regardless of his upcoming criminal trial." (Doc. No. 16.)

**Discussion**

The First Circuit recently summarized the standard for a Rule 12(b)(6) motion to dismiss in a 42 U.S.C. § 1983 action:

> In <u>Bell Atlantic Corp. v. Twombly</u>, the Supreme Court explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)(internal citations and quotations omitted). The complaint must allege "a plausible entitlement to relief" in order to survive a motion to dismiss. <u>Id.</u> at 1965. Subsequently, the Supreme Court reiterated that "[s]pecific facts are not necessary; the statements need only 'give the defendants fair notice of what the ... claim is and the grounds upon which it rests.' " <u>Erickson v. Pardus</u>, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (quoting <u>Twombly</u>, 127 S.Ct. at 1964).

<u>Thomas v. Rhode Island</u>, 542 F.3d 944, 948 (1st Cir. 2008).

It is now clear that Mitchell is only trying to hold Defendant Briggs liable under Count Five of the complaint. He states in his response to the motions to dismiss: "The Defendant Laura Briggs is being sued in her official capacity of Canteen Manager for Keefe Commissary Network, who provides canteen services to the jail and regulates the prices at the jail. She is charged under Count Five." (Resp. Mots. Dismiss at 3.) Count Five of the complaint alleges: "The plaintiff claims that the 'Canteen procedure', that the Administration allows, is guilty of 'price gouging'. The Administration is allowing a mark-up on postage stamps and many other items that is far exceeding the allowable mark-up allowed under Department of Correction Standards, pg. 45 N.1" (Compl. at 2, Doc. No. 2.)

Briggs argues that Mitchell cannot establish two essential elements of his 42 U.S.C. § 1983 claim against Briggs; that she acted under the color of state law and that her conduct infringed a constitutional right. (Briggs Mot. Dismiss at 4.)

In his response, as applicable to Briggs's motion to dismiss, Mitchell opines:

> As to count five of the Plaintiff's complaint, he must rely on the Department of Corrections standards page 45 N. 1. It clearly states that items sold in the canteen must be less or comparable to local retail stores. Plaintiff has receipts from local stores that will show that the price of Ramen noodle soups greatly exceeds the policy, when defendant Briggs sells the soups for $1.13. Plaintiff is unable to respond to defendant Brigg's lawyer when it comes to the case cited in their motion. Plaintiff has no means to do any research of this type, as stated earlier in this response.
> …
> Plaintiff has asked for a cost and sale price sheet but has been told that [it] is not available. All this documentation will be presented at trial.
> Defendant Briggs's claim of exemption is nothing more than a shield to hide behind, because even though she works for an "independent vendor", she has to follow the Department of Corrections Standards and the jail['] policy and procedures.

(Resp. Mot. Dismiss at 13-14, Doc. No. 17-2 at 5-6.)

Accordingly, Mitchell is relying on a footnote in the Department of Corrections standards for inspection policy with respect to his argument that he is entitled to purchase commissary items at or near the price of local retailers. In her reply memorandum, Briggs quotes the "policy" in question: " 'If the administrator makes arrangements to provide inmates access to commissary services, pricing for items sold through the inmate commissary should not exceed the average retail pricing found in the community for that item.' Maine, Department of Corrections, Inspection Division, Standards for Inspections, N.1 (p.45)." (Reply Mem. at 2.n.2.)

Mitchell cites to no provision of the United States Constitution as the basis for his Count V claim and, indeed, Count V simply does not state a claim of constitutional

3

magnitude. See French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980)("We also reject French's contention that he and fellow inmates have a constitutionally protected interest in buying food as cheaply as possible. Although the wide support for French's proposal is understandable, there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost."); see also Thompson v. Gibson, 289 F.3d 1218, 1222 (10th Cir. 2002) ("[T]here is no constitutional right to purchase food from the canteen."); Tokar v. Armontrout, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e note that we know of no constitutional right of access to a prison gift or snack shop."); Rodriguez v. Swanson Servs. Corp., Civ. No. 01-117-P-C, 2001 WL 506871, 1 (D.Me May 11, 2001) (aff'd Civ. No. 01-117-P-C, Doc. No. 4) (collecting cases).[2]

## Conclusion

Based upon the foregoing, I recommend the court grant this motion to dismiss because Mitchell's complaint fails to state a 42 U.S.C. § 1983 claim against Defendant Briggs.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

---

[2] Accordingly, it is unnecessary to undertake the analysis as to whether or not Briggs as an employee of a private contractor providing commissary services to a jail can somehow be sued on a theory that she is a state actor.

4

>Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 11, 2008.