UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THOMAS MITCHELL, *pro se* | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civ. No. 8-341-B-W |
| RANDALL LIBERTY, *et al.*, | ) ) ) |
| Defendants | ) ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**
**(Doc. No. 7)**

Thomas Mitchell, an inmate at the Kennebec County Correctional Facility, filed a civil complaint in the state courts against Randall Liberty, Lieutenant Marsha Alexander, Sergeant Roberts, and Laura Briggs regarding facility conditions. Mitchell's complaint challenges the adequacy of the law library, the sufficiency of inmate legal assistance, the medical department's policy for medical and dental care of long-term, pre-trial detainees, inmate access to the facility's grievance policy, and price gouging by the facility's canteen services. The defendants removed the action to this court. Pending is a motion to dismiss filed by Defendants Liberty, Alexander, and Roberts (Doc. No. 7).[1]

**Discussion**

The First Circuit recently summarized the standard for a Rule 12(b)(6) motion to dismiss in a 42 U.S.C. § 1983 action:

---

[1] In an earlier decision I recommended granting a motion to dismiss filed by Defendant Briggs. (Doc. No. 20.)
  Mitchell had filed his own motion to dismiss without prejudice (Doc. No. 10), representing that his attention to his underlying criminal case was making it hard for him to address this civil rights complaint. I entered an order on November 18, 2008, reserving ruling on that motion. (Doc. No. 15). Therein I noted that these two motions to dismiss were pending and addressed the merits of this entire action. On December 5, 2008, Mitchell withdrew his motion to dismiss indicating: "In light of some recent events that have taken place at the Kennebec County Jail, the plaintiff will p[u]rsue this case from this point on with due diligence, regardless of his upcoming criminal trial. (Doc. No. 16.)

> In Bell Atlantic Corp. v. Twombly, the Supreme Court explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 481 U.S. 551, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). The complaint must allege "a plausible entitlement to relief" in order to survive a motion to dismiss. Id. at 1965. Subsequently, the Supreme Court reiterated that "[s]pecific facts are not necessary; the statements need only 'give the defendants fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1964 (2007)).

Thomas v. Rhode Island, 542 F.3d 944, 948 (1st Cir. 2008).

### *Claims against Defendants Liberty, Alexander, and Roberts*

As a preliminary matter, taking the defendants last argument in their motion first, Liberty, Alexander, and Roberts argue that the complaint fails to state a claim against them in their individual capacities because there is no allegation of their personal involvement in any of the alleged wrongs. (Mot. to Dismiss at 5.) In his response to this argument, Mitchell clarifies that his intent is to pursue official capacity claims against these defendants. (Objection to Mot. at 1-2.)

It is also evident from Mitchell's objection that count five of the complaint relating to the prices of products at the jail's commissary, which I have already addressed in a recommended decision on Defendant Brigg's motion to dismiss, fails to state a claim of a constitutional violation. (See Dec. 11, 2008, Report and Recommended Decision, Doc. No. 19.) Thus, to the extent that this count alleges official capacity claims against these three defendants they are entitled to dismissal of that count. This leaves the official capacity claims against Liberty, Alexander, and Roberts stated in counts one, two, three, and four.

*Counts one and two – First Amendment right to legal research and assistance*

Mitchell makes the following statement of claim as to count one:

> Since the plaintiff's incarceration, he has on numerous occasions asked the Administration to create an adequate law library. At every turn he has run into roadblocks. The Administration uses a "cell delivery" or "paging" system. The library at the jail does not meet the standards set forth in Bounds v. Smith, 430 U.S. 817, 822…(1977). This is a violation of the First Amendment of the United States Constitution: 42 U.S.C. ss 1983 and the Equal Protection Clause.

(Compl. at 1, Doc. No. 2-3.) Mitchell makes the following statement of claim as to Count Two:

> The plaintiff also claims that not providing training for inmate legal assistance denies inmates constitutional right of access to the courts; the Administration established no qualifications for legal assistance and provided no trained staff to assist in filing for civil rights violations as guaranteed under U.S.C.A. Constitutional Amendment 14.

(Id.)

Beyond the criminal defense decision not to have his attorney send discovery materials to Mitchell in the mail at the prison (as opposed to bringing them in the context of an attorney/client consultation), Mitchell does not explain how his criminal case has been harmed by the policies sighted. Nor does Mitchell explain how he has been prevented from filing a cognizable civil lawsuit in court. Mitchell's claim belongs to the class of claims where a prisoner asserts "that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." Christopher v. Harbury, 536 U.S. 403, 413 (2002). In order to state a claim of this nature the complaint "must identify a nonfrivolous, arguable underlying claim." Id. at 415 (internal quotation marks omitted). Even if the allegations in Mitchell's response are treated as part of the complaint, all Mitchell has done is provide a litany of "failures" by the jail

3

administrators.  He has not shown that his criminal case has been actually prejudiced or that he has been prevented from filing an arguable civil claim.  Consequently, these counts should be dismissed.

### *Count three – Eighth Amendment right to proper dental care*

Mitchell makes the following statement of claim as to Count Three:  "The plaintiff claims the medical department's policy for medical and dental care for a long term, pre-trial detainee is a violation of his Eighth Amendment right to be protected from cruel and unusual punishment."  (Compl. at 1.)

This claim arises from the treatment of a dental condition.  In terms of the seriousness of his dental condition, the key factual support is supplied by Mitchell in his objection to the motion.  There, he indicates:  that he complained to the medical department that three teeth were causing him considerable pain;  that he had an ongoing complaint for over 18 months;  that he was told that the jail did not have a dentist;  that one of his teeth had a piece broken off exposing a painful nerve;  that when he filed a second level grievance, in less than two weeks he was sent to an outside dentist who extracted an infected tooth;  and that approximately two months later he was back at the dentist for the other two teeth, both of which were also pulled because the jail's policy does not permit fillings. (Objection to Mot. at 7-8.)

Mitchell's theory of recovery against these three county officials in their official capacities is that they are responsible, as would be a municipal entity, for promulgating a policy or custom that lead to the violation of his rights.  Accordingly, his claims against these defendants are subject to a two-step inquiry.  The Court must first determine whether a predicate constitutional violation has been alleged.  If so, it must then

4

determine whether the complaint states a claim that a custom or policy observed by the defendants caused the violation.  Collins v. Harker Heights, 503 U.S. 115, 120-121 (1992).

In order to establish a constitutional claim for inadequate dental care the complaint must allege that the officials' conduct demonstrated a deliberate indifference to serious medical needs:

> Deliberate indifference liability attaches only when a state actor "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  The state actor "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  The First Circuit has explained that "under the second requirement of Farmer, plaintiffs must show:  (1) the defendant knew of (2) a substantial risk (3) of serious harm and (4) disregarded that risk."  Calderon-Ortiz v. Laboy-Alvarado, 300 F.3d 60, 64 (1st Cir. 2002).

Wall v. Dion, 257 F. Supp. 2d 316, 320-21 (D. Me. 2003).  While at the jail Mitchell is entitled to "the minimal civilized measure of life necessities," Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)), and the denial of necessary medical care can rise to the level of an Eighth Amendment violation, see generally Farmer v. Brennan, 511 U.S. 825 (1994);  Estelle v. Gamble, 429 U.S. 97 (1976).  However, inmates do not have a right to limitless doctor visits or their choice of medications, and negligence and medical malpractice are not actionable.  Daniels v. Williams, 474 U.S. 327 (1986) (noting that 42 U.S.C. § 1983 provides a right of action for civil rights violations and cannot be used to sue correctional officials for negligence).

Mitchell alleges that the jail's policy of refusing to provide routine dental fillings to inmates amounts to deliberate indifference to serious medical needs.  He concedes that he received emergency dental treatment when his tooth became infected and had to be

5

extracted, but indicates that the county has a policy of not performing corrective or preventive dental work including routine recommended dental fillings. Inadequate dental care can support a valid § 1983 action challenging the conditions of confinement protected by the Eighth Amendment. See Tvelia v. New Hampshire Dept. of Corrections, Civ. No. 03-537-M, 2004 WL 180037, *3, 2004 U.S. Dist. Lexis 937, *9 (D. N.H. Jan. 27, 2004) (mag. j. report and recommendation), accepted, 2004 WL 298100, *3, 2004 U.S. Dist. Lexis 2227, *7 (Feb. 13, 2004) (citing Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) ("[T]he [E]ighth [A]mendment requires that prisoners be provided with a system of ready access to adequate dental care."), and Dean v. Coughlin, 623 F. Supp. 392 (S.D.N.Y. 1985) (addressing claims related to prophylactic dental care, restorative care, extractions and prosthetic services); but see Willis v. Washington, No. 96-2385, 1999 U.S. App. Lexis 532 (7th Cir. Dec. 16, 1998) (affirming dismissal of prisoner's complaint that correctional center offered no alternative but tooth extractions for tooth pain, holding that prisoner was not entitled to any better care where "nothing in the record [suggested] that the treatment . . . was not reasonable").

  The defendants respond to these factual allegations surrounding the jail's policy of not providing dental care by arguing that the Court should disregard them because Mitchell did not elaborate on those factual matters in the original complaint. However, because Mitchell is proceeding *pro se* his pleadings should be viewed in their entirety. The Court of Appeals for the D.C. Circuit has succinctly explained the standard this court should follow:

6

> In reviewing the District Court's dismissal of Gray's law suit, we must accept all of appellant's allegations as "entirely true." Buckley v. Fitzsimmons, 509 U.S. 259, 261(1993).  And, because Gray is proceeding *pro se,* our review of his pleadings is subject to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  We must also examine other pleadings to understand the nature and basis of Gray's pro se claims.  See Richardson v. United States, 193 F.3d 545, 548 (D.C.Cir.1999) (holding that District Court abused its discretion when "failing to consider [pro se plaintiff's] complaint in light of his reply to the motion to dismiss").

Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002).

When Mitchell's pleadings are reviewed in their entirety it appears that his allegation is that Kennebec County refuses to provide dental care other than emergency extractions.  "At least one court has held that a policy of requiring that only extractions will be performed for dental problems is constitutionally deficient."  Stack v. McCotter, 79 Fed. Appx. 383, 388 (10th Cir. 2003) (unpublished) (citing Heitman v. Gabriel, 524 F. Supp. 622, 627 (W.D. Mo. 1981)).  As long ago as 1972 Texas county jails expanded their dental care from only tooth extraction to include fillings, Taylor v. Sterrett, 344 F. Supp. 411, 414 (1972).  If Mitchell's pleadings are viewed through this lens he has at least alleged a possible constitutional violation caused by a county wide policy.

### *Count four – due process right to grievance procedure*

Mitchell makes the following statement of claim as to Count Four:

> The plaintiff has continually requested copies of the Grievance and Disciplinary Policies and Procedures.  The Administration claims that it is possession of contraband to have said policies.  The Administration claims that the current policies and procedures along with the current rule book are outdated and are being rewritten.  It is the plaintiff's belief that until the policies and procedures and rule book are promulgated, signed, and distributed, the old policies and rules are the ones that are to be [e]nforced.  Whereas the Administration is not following current procedures they are violating "due process".

(Compl. at 1-2.)

In their motion to dismiss the defendants treat this count as if it were tied into the First Amendment access to courts claims in Counts One and Two. It is not. It is a Fourteenth Amendment due process count by its own terms. Defendants belatedly recognized their error and treated the claim separately, albeit summarily, in their reply. (Reply Mem. at 4, Doc. No. 21.) In defending this count in his responsive motion, Mitchell explains that he is complaining that if he is brought in front of the disciplinary board he has a right to know the applicable procedures. (Objection Mem. at 12-13.) Mitchell relates that he sought help from the State Advocate via a friend and obtained the policies. Thereafter, he filed a grievance about the jail's failure to follow its own policies. Mitchell alleges that Lieutenant Alexander "threatened" him with the charge of trafficking in prison contraband and states that Sergeant Roberts searched his cell and confiscated the policy pursuant to an order from Lieutenant Alexander. (Id. at 13.)

Mitchell fails to state a valid due process claim on these facts. There is no constitutional guarantee that prisoner have in-hand access to a prison's grievance procedures. Grievance procedures themselves are not constitutionally guaranteed. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("As other circuits have recognized, there is no constitutional right to participate in grievance proceedings."); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("We conclude that the federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); Thomas v. Warner, 237 Fed. Appx. 435, 437-38 (11th Cir.

2007) (unpublished) ("We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure.").

## Conclusion

Based upon the foregoing, I recommend the court grant this motion to dismiss in part. Counts I, II, IV and V should be dismissed for failing to state a claim. The motion to dismiss as to count III should be conditionally denied, giving the plaintiff leave to file an amended complaint that sets forth in one document the factual allegations pertaining to his claims regarding dental care. That amended complaint would become the operative pleading. The amended complaint should be filed with the court within 10 days after any order accepting this recommendation, or the defendants may renew their previously filed motion to dismiss this final count. Assuming the amended complaint is filed, the defendants can answer or otherwise respond to the allegations contained in that document. If the recommended decision is not accepted, obviously the plaintiff cannot file any amended complaint without first obtaining prior approval from the court nor can he file any amended complaint document that addresses any issue other than his claim regarding dental care without first filing a motion to amend and obtaining leave of court to do so.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

                                  /s/ Margaret J. Kravchuk
                                  U.S. Magistrate Judge

January 5, 2009